RECEIVED
IN LAKE CHARLES, LA.

OCT - 8 2009

TONY R. MOORE, CLERK
BY_____
              DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| UNITED STATES OF AMERICA | : | DOCKET NO. 2:08 CR 00228-04 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| TIMOTHY GENE JONES | : | MAGISTRATE JUDGE KAY |

### Memorandum Order

Presently before the court is the defendant's Motion for Reconsideration [doc. 134]. The defendant brings to the court's attention an error in the Presentence Report ("PSR"). The PSR incorrectly stated that Jones violated probation on July 17, 2005, when, in fact, the violation occurred on July 17, 1995. The defendant asserts that because his last violation was over fourteen (14) years ago, it should not have been counted in his guideline determination, which would result in a six (6) point difference in his criminal history point computation.

As indicated in the court's ruling on the defendant's objections to the PSR, three points are added for each prior sentence of imprisonment exceeding one year and one month. U.S.S.G. §4A1.2(e)(1) states that any prior sentence of imprisonment exceeding one year and one month that was imposed *within fifteen (15) years* of the commencement of the instant offense is to be counted. Also, any prior sentence in this category, whenever imposed, that resulted in the defendant being incarcerated during any part of such 15 year period is counted. USSG §4A1.2(k) directs that any terms of imprisonment imposed upon revocation of supervision are added and the resulting total is used to assign criminal history points.

In this case, Jones was originally ordered to serve 4 1/2 months imprisonment and placed on probation. He had two subsequent revocation hearings. At the first revocation hearing on June 17, 1994, 6 months of his probation sentence was revoked. At the second hearing on September 7, 1995, another 7 months and 25 days was revoked. Therefore, these terms of imprisonment are added together to get a sentence of imprisonment exceeding one year and one month.

The Indictment indicates that the instant offense commenced on an unknown date and continued until the date of the Indictment, which is August 13, 2008. Since the indictment included only an ending date and not a date the instant offense commenced, the PSR considered the fifteen (15) prior to that date, considering anything that occurred after August 13, 1993, as countable. Jones was revoked on two separate occasions after that date and given prison terms that, when added together, exceed one year and one month. Therefore, the criminal history points are correct and the typographical error in the PSR has no effect. Accordingly,

IT IS ORDERED that the Motion for Reconsideration IS DENIED.

Lake Charles, Louisiana, this __7__ day of ~~September~~ October, 2009.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE